UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANTEZ D. ALEXANDER, ) | CASE NO. 1:16 CV 993 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | OPINION & ORDER |
| ) | |
| CUYAHOGA COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

On April 25, 2016, plaintiff *pro se* Dantez D. Alexander, an inmate at the Cuyahoga County Jail ("the Jail"), filed this civil rights action against the Jail and the Cuyahoga County Sheriff's Department. He alleges in the complaint that he was arrested on a warrant and transported to the Jail without appropriate attire. He also alleges he had to sleep on a cell floor at the Jail next to a toilet, and that the toilet overflowed. Plaintiff requested but was not allowed to use an outside toilet, and therefore had to wait for four days to defecate. Finally, plaintiff alleges the Jail is understaffed, resulting in daily, extended periods during which inmates are locked down. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain

Case No. 1:16 CV 993
Gwin, J.

either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim against the named Defendants. A county sheriff's department is not sui juris, and is therefore not capable of being sued. *See Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D.Ohio 2000) (a county sheriff's office is not a legal entity capable of being sued). Further, jails are merely sub-units of the municipalities they serve, and therefore also cannot be sued. *Durant v. Seneca County Jail*, No. 3:11 CV 1221, 2011 WL 4732865 (N.D. Ohio Oct. 6, 2011).

Accordingly, this action is dismissed without prejudice under section 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: July 20, 2016    *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE